ELLA L. DUNCKEL, Appellant, *v.* EPHRAIM FAILING *et al.,*
Executors, Respondents.

*N. Y. Supreme Court, Third Department, General, Term May* 27, 1889.

*Promissory note. Want of consideration.*—A promissory note purporting
to have been given by a mother in compromise of her son's in-
debtedness to the holder, is without consideration and void. Such
debt is no legal claim upon the mother, and, in such case, there is
nothing to compromise.

*D. S. Morrel,* for appellant.

*L. M. Weller,* for respondents.

LEARNED, P. J.—One Harmon Dunckel, about a year or
so before his death, obtained a policy of insurance on his
life, payable to Elizabeth Dunckel, his mother, defendant's
testatrix, to whom he was indebted. He died in 1879, and
she received the insurance money, $2,000, a few months
afterwards. He had no property and was in debt. He
owed the plaintiff $1,250, which she could not collect.

Peter A. Dunckel, father of plaintiff, says he was author-
ized to act for his daughter; that she made a claim against
Elizabeth Dunckel (now deceased) for money due her; and
that he told Elizabeth Dunckel it was hard for plaintiff to
lose the whole amount; that Elizabeth said she would give
a note of $550; that accordingly she gave the note in suit,
dated May 30th, 1884, for that amount, payable six months
after her death to plaintiff or bearer, with interest.

Some of the assessments on the policy of insurance were
paid by Elizabeth. It does not appear how much was paid
by Harmon.

It was held by the referee and by the learned justice that
the note was without consideration.

The plaintiff now insists that it was valid, because given

in compromise of a disputed claim. So far as we can see, the learned justice was quite correct in saying that this was in fact only a claim on the good nature of Elizabeth. It is evident that there is nothing to compromise where there is no claim of legal obligation. And we fail to see any proof of any legal claim. No facts are shown on which to base such a claim. Harmon's debt to plaintiff did not constitute a claim against Elizabeth. Something was argued of the wrong done to Harmon's creditors by his payment of premiums. There is no proof that he paid any. Some were unpaid at his death. Furthermore, as he owed Elizabeth, there seems to have been no fraud in his attempting to secure her by this policy. It was a just and proper act in him to secure a creditor in this way. And that act furnished no ground of complaint, so far as we discover, on the part of another creditor.

We think that the judgment should be affirmed, with costs.

LANDON and INGALLS, JJ., concur.